UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JEFFERY BARNETT #400407,

       Plaintiff,

v.                                No.    3:08-cv-507
                                        (VARLAN/SHIRLEY)
DAVID MILLS, JEFF DYER,
DENNIS ARMES, ANTHONY HUMAN, and
G. ANN CHRISTMAS,

       Defendants.

## MEMORANDUM AND ORDER

The court is in receipt of a *pro se* prisoner's civil rights complaint under 42 U.S.C. §

1983 and an application to proceed *in forma pauperis*. It appears from the application that

the plaintiff lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly,

pursuant to 28 U.S.C. § 1915(b)(4), the Clerk is **DIRECTED** to file this action without the

prepayment of costs or fees or security therefor as of the date the complaint was received.

However, for the reasons stated below, process shall not issue and this action is

**DISMISSED**.

Plaintiff is in the custody of the Tennessee Department of Correction and presently

incarcerated in the Northeast Correctional Complex. He brings this action against David

Mills, the warden of the Morgan County Correctional Complex, and four other officials at

that facility. Plaintiff alleges that the defendants failed to timely forward his paperwork

under the Interstate Agreement on Detainers (IAD) to the appropriate authorities with respect

to a detainer against him out of the State of Kentucky. Plaintiff alleges the deprivation of his Fourteenth Amendment right to due process and seeks compensatory and punitive damages. Plaintiff cannot, however, maintain a § 1983 action for damages based on an alleged failure of the defendants to timely process his paperwork under the Interstate Agreement on Detainers. *See Yost v. Ryan,* No. 89-6154, 1990 WL 12184 *1 (6th Cir. February 13, 1990) (unpublished decision) (lack of due care on part of prison official in timely forwarding IAD forms to the proper authorities does not state a claim under § 1983).

Although this court is mindful that a *pro se* complaint is to be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), it is quite clear that the plaintiff has not alleged the deprivation of any constitutionally protected right, privilege or immunity, and, therefore, the court finds his claims to be frivolous under 28 U.S.C. §§ 1915(e) and 1915A. It appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief, *Malone v. Colyer*, 710 F.2d 258 (6th Cir. 1983), and that plaintiff's claim lacks an arguable basis in law and fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Therefore, this action is **DISMISSED** *sua sponte*, as frivolous and for failure to state a claim upon which relief can be granted under § 1983. The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

Because the plaintiff is in the custody of the Tennessee Department of Correction, he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is greater of:

(a)     twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; *or*

(b)     twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Warden of the Northeast Correctional Complex, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is further

3

**DIRECTED** to forward a copy of this Memorandum and Order to the court's financial

dexpty.

      **E N T E R :**

                  s/ Thomas A. Varlan

                  UNITED STATES DISTRICT JUDGE